# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAMELA J BRIDGHAM,**

    **Plaintiff,**

**v.**           Case No:   **6:19-cv-1278-Orl-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

# MEMORANDUM OF DECISION[1]

Pamela J. Bridgham ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits. Doc. No. 1. Claimant raises three arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for an award of benefits or for further administrative proceedings. Doc. No. 24, at 18, 29–30, 44–45, 48. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. *Id.* at 48. For the reasons stated herein, the Commissioner's final decision is **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 13, 16–17.

**I.      PROCEDURAL HISTORY.**

On January 28, 2016, Claimant filed applications for DIB and SSI benefits, alleging a disability onset date of October 31, 2013. R. 15, 251–67. Claimant's applications were denied initially and on reconsideration, and she requested a hearing before an ALJ. R. 164, 168, 179, 185, 190–200. On November 15, 2018, a hearing was held before the ALJ, at which Claimant was represented by an attorney. R. 65–105. Claimant, a vocational expert ("VE"), and a medical expert ("ME") testified at the hearing. *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled from her alleged onset date through the date of last insured. R. 15–27. Claimant sought review of the ALJ's decision by the Appeals Council. R. 244–45. On June 6, 2019, the Appeals Council denied the request for review. R. 1–4. Claimant now seeks review of the final decision of the Commissioner by this Court. Doc. No. 1.

**II.     THE ALJ'S DECISION.[2]**

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a). R. 15–27.[3] The ALJ found that

---

[2] Upon a review of the record, I find that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum. Doc. No. 24. Accordingly, I adopt those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

Claimant met the insured status requirements of the Social Security Act through December 31, 2019. R. 17. The ALJ concluded that Claimant had not engaged in substantial gainful activity since October 31, 2013, the alleged disability onset date. *Id.*[4] The ALJ found that Claimant suffered from the following severe impairments: degenerative joint disease of the hips and shoulders; degenerative disc disease of the lumbar spine; chronic obstructive pulmonary disease; major depressive disorder; and low average intellectual functioning. R. 18. The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Based on a review of the record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[5] and that she has the ability to understand, remember, and carry out simple and detailed instructions of three or more steps, and that she is able to interact with others in a socially appropriate manner. R. 21. After considering the record evidence, Claimant's RFC, and the testimony of the VE, the ALJ found that Claimant was capable of performing past relevant work as a medical records clerk, which the ALJ found did not require performance of work-related activities precluded by Claimant's RFC.

---

[4] The ALJ noted that Claimant worked after the alleged onset date, but found that such work activity did not rise to the level of substantial gainful activity. R. 17–18.

[5] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b).

R. 26. Accordingly, the ALJ concluded that Claimant was not disabled from the alleged disability onset date through the date of the decision. R. 27.

### III.   STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV.   ANALYSIS.

In the Joint Memorandum, which I have reviewed, Claimant raises three assignments of error: (1) the ALJ erred in failing to analyze the impact of Claimant's mental impairments on her ability to perform past relevant work; (2) the ALJ failed to properly analyze the opinions of various

medical sources; and (3) the ALJ erred in failing to address Claimant's diagnoses of peripheral neuropathy and uncontrolled diabetes. Doc. No. 24. I find that the third issue is dispositive in this case; accordingly, this is the only issue that I address.

Claimant argues that the ALJ erred in failing to address two of Claimant's impairments—peripheral neuropathy and uncontrolled diabetes—in the analysis of Claimant's RFC and in determining her ability to perform past relevant work. Doc. No. 24, at 44–46. Claimant asserts that the ALJ was required to consider her "entire medical condition," including all of her impairments, whether severe or not. *Id.* at 45.

On review, Claimant's contention is well taken. Regarding Claimant's diabetes, the record is replete with evidence that Claimant has a history of uncontrolled diabetes and that she has been diagnosed with such by treating physicians. *See, e.g.*, R. 444, 449, 451, 466–72, 476, 479, 563, 602, 606, 610, 644, 651. Claimant has been prescribed medication for her condition. *See, e.g.*, *id.* In addition, Claimant alleged diabetes as a basis for her claim of disability. *See, e.g.*, R. 320, 359, 362–63, 428. Claimant has also been diagnosed with peripheral neuropathy, *see, e.g.*, 43, 573, 604, 612, 618, 628, and although it does not appear that she alleged peripheral neuropathy as an impairment forming the basis for her disability claim, she included "neuropathy in feet" as a complaint at the reconsideration level, *see* R. 132, 136, 146, 150.

Here, the ALJ does not mention, reference, or otherwise discuss Claimant's diagnoses of diabetes or peripheral neuropathy anywhere in the decision. *See* R. 15–27. "The ALJ must consider all of the claimant's impairments, including non-severe impairments, in assessing the claimant's RFC." *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 734 (11th Cir. 2011) (citing 20 C.F.R. § 404.1545(a)(2); *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).[6] "[R]emand

---

[6] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

is required where the ALJ 'fails to consider properly a claimant's condition despite evidence in the record of the diagnosis.'"  *Id.* (citing *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1219 (11th Cir. 2001)).  Accordingly, the ALJ's failure to address Claimant's diagnoses of uncontrolled diabetes and peripheral neuropathy requires the Court to reverse and remand the matter for further proceedings.  *See, e.g.*, *id.* at 733–34 (reversing and remanding matter to the Commissioner based, in part, on the ALJ's failure to address the claimant's diagnosis of fibromyalgia in evaluating the claimant's subjective complaints of pain or ability to perform past relevant work); *see also Miller v. Berryhill*, No. 2:17-CV-553-GMB, 2018 WL 5114142, at *5 (M.D. Ala. Oct. 18, 2018) (finding reversible error in ALJ failing to mention or consider the claimant's diagnosis of depression); *Croce v. Acting Comm'r of Soc. Sec. Admin.*, No. 6:17-cv-87-Orl-MCR, 2018 WL 2296783, at *3 (M.D. Fla. May 21, 2018) (finding reversible error in ALJ's failure to address hypertension and head trauma impairments); *Brunson v. Astrue*, 850 F. Supp. 2d 1293, 1305 (M.D. Fla. 2011) (finding reversible error in ALJ's failure to discuss or mention the claimant's diagnosis of ataxia in the decision, finding that "it must be assumed evidence of this condition was either ignored, overlooked, or rejected without explanation").

Nonetheless, the Commissioner contends that the ALJ was not required to address Claimant's diagnosis of peripheral neuropathy because Claimant did not allege neuropathy as a basis for her claim of disability.  Doc. No. 24, at 46.  The Court rejects this argument for three primary reasons.  First, from the record it appears that the peripheral neuropathy was "likely due to" Claimant's diabetes, and that these conditions are interrelated.  *See* R. 432, 612.[7]  Second, as discussed above, Claimant raised the issue at the reconsideration level, and therefore it was an issue

---

[7] *See also Kellerman v. Colvin*, No. 3:14CV295-CSC WO, 2015 WL 927060, at *4 (M.D. Ala. Mar. 4, 2015) ("Diabetes causes neuropathy by damaging the nerves in the body." (citing *Diabetic Neuropathies: The Nerve Damage of Diabetes*; http:// diabetes.niddk.nih.gov/dm/pubs/neuropathies/).

before the ALJ.  *See* R. 132, 136, 146, 150.  And, in a memorandum to the ALJ, Claimant's counsel specifically noted medical records documenting peripheral neuropathy.  *See* R. 432.  Finally, even assuming the Commissioner's position is correct, the ALJ also failed to mention or consider Claimant's diabetes diagnosis in the decision, and thus, even accepting the Commissioner's argument as to the peripheral neuropathy diagnosis, reversal would still be required.

The Commissioner also argues that Claimant has failed to demonstrate that her diabetes caused any significant limitations in functioning.  Doc. No. 24, at 47.  Based on a review of the record, this argument is unpersuasive.  As an initial matter, the ALJ did not offer this explanation in the decision.  *Cf. Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (declining to affirm "simply because some rationale might have supported the ALJ's conclusion").  In addition, the record reflects that Claimant's treating physician, Gary Weiss, M.D., completed a Physical Restrictions Evaluation in which he stated that Claimant's RFC limitations to which he opined were supported by the diabetes and peripheral neuropathy diagnoses.  *See* R. 800.  To reach the conclusion that the Commissioner suggests would require this Court to impermissibly reweigh the evidence.  *See Croce*, 2018 WL 2296783, at *3 ("[I]is not this Court's role to supply the reasoning for the decision or weigh the evidence.").

The Commissioner also appears to suggest that any error by the ALJ in failing to expressly consider Claimant's diabetes diagnosis was harmless because the ALJ found that Claimant had other severe impairments and continued with the sequential evaluation process.  Doc. No. 24, at 47.  While it is true that "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," *see Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010), Claimant is not arguing that the ALJ erred in failing to find that diabetes and peripheral neuropathy were severe impairments at step two of the sequential evaluation process.  Instead,

Claimant is asserting that the ALJ erred in failing to consider her medical condition as a whole. The Court agrees that because the ALJ did not mention or discuss the diagnoses of diabetes or peripheral neuropathy in the decision, it is impossible for this Court to determine that such analysis occurred here.  *See Dempsey*, 454 F. App'x at 734; *Brunson*, 850 F. Supp. 2d at 1305; *see also Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) ("When 'a claimant has alleged a multitude of impairments, a claim for social security benefits may lie even though none of the impairments, considered individually, is disabling.'" (quoting *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984))).

Accordingly, Claimant's third assignment of error is well taken, and the Commissioner's contentions to the contrary are unavailing.  Because this issue is dispositive of Claimant's appeal, the Court declines to address Claimant's remaining assignments of error.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).  Therefore, the Court will reverse and remand this matter for further administrative proceedings.[8]

---

[8] In a one-sentence statement in the Joint Memorandum, Claimant requests that "this case be reversed and remanded for an award of benefits or for further administrative proceedings." Doc. No. 24, at 48. Claimant does not provide any argument or authority in support of either request. *Id.* However, a reversal for an award of benefits is only appropriate where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993), or where the claimant has suffered an injustice, *see Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982). Here, neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt.  And Claimant has not argued or demonstrated that she has suffered an injustice, nor does the record support such a finding.  Accordingly, the Court rejects Claimant's request to remand the case for an award of benefits, and, instead, will remand the matter for further administrative proceedings.

## V. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2020.

*Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record